USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/18/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

KEVIN HERBIN,
                      Defendant.

No. 15 Cr. 5-8 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

      On August 4, 2015, Defendant Kevin Herbin ("Defendant") was convicted of one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 841(b)(1)(C). On November 13, 2015, the Court sentenced Defendant to twenty-four months' incarceration, to be followed by three years' supervised release. (ECF No. 127.)

      On January 21, 2021, the Court arraigned Defendant on an Amended Violation Report, dated January 19, 2021, containing nine Violation Specifications. Defendant admitted to Violation Specification Numbers 1 and 9. On January 21, 2021, the Court sentenced Defendant to six months' imprisonment, to be followed by three years' supervised release. (ECF No. 376.) The Court also imposed a mandatory special condition of six months' inpatient treatment as part of Defendant's supervised release. (*Id.*)

      On February 12, 2021, Defendant was inadvertently released from jail. (ECF No. 377.) Defendant contacted his attorney, who in turn informed the Government. (*Id.*) The Probation Office ordered Defendant to surrender by March 1, 2021. (*Id.*) On February 25, 2021, Defense Counsel wrote the Court and requested that the Court grant a reduction in sentence due to the Government's error. (*Id.*) The Court denied Defense Counsel's request, finding that Defendant failed to assert a meritorious basis warranting a reduction of sentence. (ECF No. 380.)

      On February 16, 2021, the Court received an undated *pro se* letter from Defendant,

presumably sent prior to his inadvertent release, requesting compassionate release. (ECF No. 372.) On March 5, 2021, the Government submitted opposition to Defendant's request. (ECF No. 381.) On March 8, 2021, the Court received another *pro se* letter from Defendant requesting compassionate release. (ECF No. 382.) On March 16, 2021, the Court reappointed CJA Counsel James M. Branden to represent Defendant for the purposes of his compassionate release application. (ECF No. 385.) On April 6, 2021, Defense Counsel filed a reply to the Government's opposition. (ECF No. 388.)

18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify or reduce the terms of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The court must find that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i) The court must also consider the factors set forth in section 3553(a) to the extent that they are applicable. *Id.* § 3582(c)(1)(A).

"The authority to define 'extraordinary and compelling reasons' has been granted to the United States Sentencing Commission, which has defined that term at U.S.S.G. § 1B1.13, comment n.1." *Zukerman*, 2020 WL 1659880 at *5 (citing *United States v. Ebbers*, No. 02 Cr. 11443, 2020 WL 91399, at *4-5 (S.D.N.Y. Jan. 8, 2020). "Relevant here, the Commission's policy statement and its corresponding commentary . . . . state that a court may reduce a sentence for 'extraordinary and compelling reasons,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the

defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *United States v. Hernandez*, No. 18 Cr. 834-04 (PAE), 2020 WL 1684062, at *2 (S.D.N.Y. Apr. 2, 2020) (quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A)). The defendant must also not be "a danger to the safety of any other person or to the community," and "the reduction must be consistent with [the Commission's] policy statement." *United States v. Ramos*, No. 14 Cr. 484 (LGS), 2020 WL 165812, at *1 (S.D.N.Y. Apr. 7, 2020) (citing U.S.S.G. § 1B1.13(2)-(3).)

The 3582(c)(1)(A) analysis requires courts to "consider[] the factors set forth in section 3553(a) to the extent they are applicable." *United States v. Gentille*, No. 19 Cr. 590 (KPF), 2020 WL 1814158, at *4 (S.D.N.Y. Apr. 9, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). The factors include: (1) 'the nature and circumstances of the offense and the history and characteristics of the defendant;' (2) 'the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;' (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;' (4) the sentencing guidelines; and (5) 'the need to provide restitution to any victims of the offense. *Ramos*, 2020 WL 1685812 at *2 (quoting 18 U.S.C. § 3553(a)).

I. **EXTRAORDINARY AND COMPELLING REASONS**

Defendant offers two "extraordinary and compelling reasons for his release": (1) his need for immediate drug treatment and (2) the unusual circumstances surrounding Defendant's post-

sentencing release.

At sentencing, the Court considered Defendant's strong and immediate need for drug treatment and, as such, sentenced him to a period of incarceration that was significantly below the Guidelines Provisions and the Probation Office's recommendation. Further, the Court imposed a minimum of six months' inpatient drug treatment as a mandatory special condition of Defendant's supervised release to ensure Defendant has access to the necessary treatment upon release from incarceration.

Additionally, although the Court is sympathetic to the impact that Defendant's premature release and reincarceration may have had on him and his family, the Court fails to see how the inadvertent release constitutes an "extraordinary and compelling reason" for a sentence reduction. In addition to permitting the Court discretion to consider other reasons, the United States Sentencing Commission has set forth circumstances that may constitute "extraordinary and compelling reasons" including medical conditions, advanced age, and changed family circumstances. U.S.S.G. § 1B1.13, comment n.1. Defendant has not articulated any reasons that fall into these categories or are of a similarly compelling nature. Defendant's family circumstances, while very unfortunate, have not changed substantially, and were considered by the Court in imposing Defendant's original below-Guidelines sentence.

As such, the Court finds that Defendant has failed to demonstrate "extraordinary and compelling reasons" and Defendant's motion is DENIED.

Dated: May 18, 2021            SO ORDERED.
      White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge